[Cite as *State v. Wile*, **2017-Ohio-699.**]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 16CA41 |
| TONY L. WILE | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Richland County Common
Pleas Court, Case No. 2007CR0993 D

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      February 23, 2017

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

BAMBI COUCH PAGE                  RANDALL E. FRY
Prosecuting Attorney                  10 West Newlon Place
Richland County, Ohio                  Mansfield, Ohio 44902

By: DANIEL M. ROGERS
Assistant Prosecuting Attorney
Richland County Prosecutor's Office
38 S. Park Street
Mansfield, Ohio 44902

*Hoffman, J.*

{¶1} Defendant-appellant Tony L. Wile appeals the May 19, 2016 Journal Entry finding Appellant guilty of a probation violation and the May 24, 2016 Judgment Entry denying Appellant's motion to dismiss, both entries entered by the Richland County Court of Common Pleas. Plaintiff-appellee is the state of Ohio.

### STATEMENT OF THE FACTS AND CASE

{¶2} On January 15, 2009, Appellant entered a plea of no contest to the charges of possession of Ketamine, a Schedule III controlled substance, in violation of R.C. 2925.11(A), a third degree misdemeanor; and possession of LSD, a Schedule I controlled substance, in violation of R.C. 2925.11(A), a felony of the fourth degree.

{¶3} Via Judgment Entry filed on March 10, 2009, the trial court ordered Appellant undergo intervention in lieu of conviction. Pursuant to the trial court's entry, Appellant would continue drug intervention treatment for a minimum of one year and should not be released without approval of the trial court. The entry states,

> 2. As required by O.R.C. 2951.041(D), Defendant is placed under the supervision of the Richland County Court Services and subject to community control sanctions for a period of at least one year.***

{¶4} On November 6, 2013, a bench warrant was issued for Appellant due to his failure to complete his intervention in lieu of conviction terms.

{¶5} On August 7, 2014, the trial court found Appellant guilty of both counts of possession of drugs, based upon his prior plea of no contest. Via Sentencing Entry of September 18, 2014, the trial court ordered Appellant pay a fine to the Mansfield Police Department and restitution to the Mansfield Police Department Lab. The trial court

suspended Appellant's license for six months, and imposed two years of community control. The trial court indicated a violation of community control would lead to a prison term of eighteen months.

{¶6} On January 26, 2016, a bench warrant was issued due to Appellant's violation of community control.

{¶7} On February 2, 2016, a notice of hearing and probation violation was filed by the state, alleging Appellant violated the terms of his community control.

{¶8} On May 17, 2016, Appellant filed a motion to dismiss.

{¶9} On May 18, 2016, the trial court conducted a hearing on the probation violation. Via Journal Entry filed on May 19, 2016, the trial court found Appellant guilty of the probation violation. The trial court imposed sentence of thirty days as to Count 1 and eighteen months as to Count 2, to be served concurrently.

{¶10} On May 24, 2016, via Judgment Entry, the trial court denied Appellant's motion to dismiss.

{¶11} Appellant appeals, assigning as error,

{¶12} "I. THE TRIAL COURT ERRED IN OVERRULING THE APPELLANT'S MOTION TO DISMISS."

{¶13} Appellant maintains the trial court lacked jurisdiction to impose community control sanctions exceeding five years and to find Appellant violated the community control sanctions.

{¶14} Pursuant to R.C. 2951.07, a defendant's total period of probation cannot exceed five years. The statute reads,

A community control sanction continues for the period that the judge or magistrate determines and, subject to the five-year limit specified in section 2929.15 or 2929.25 of the Revised Code, may be extended. If the offender under community control absconds or otherwise leaves the jurisdiction of the court without permission from the probation officer, the probation agency, or the court to do so, or if the offender is confined in any institution for the commission of any offense, the period of community control ceases to run until the time that the offender is brought before the court for its further action.

{¶15} Here, Appellant was granted intervention in lieu of conviction, pursuant to R.C. 2951.041. The statute reads, in pertinent part,

(D) If the court grants an offender's request for intervention in lieu of conviction, the court shall place the offender under the general control and supervision of the county probation department, the adult parole authority, or another appropriate local probation or court services agency, if one exists, *as if* the offender was subject to a community control sanction imposed under section 2929.15, 2929.18, or 2929.25 of the Revised Code. The court shall establish an intervention plan for the offender. The terms and conditions of the intervention plan shall require the offender, for at least one year from the date on which the court grants the order of intervention in lieu of conviction, to abstain from the use of illegal drugs and alcohol, to

participate in treatment and recovery support services, and to submit to regular random testing for drug and alcohol use and may include any other treatment terms and conditions, or terms and conditions similar to community control sanctions, which may include community service or restitution, that are ordered by the court.

*** 

(F) If the court grants an offender's request for intervention in lieu of conviction and the offender fails to comply with any term or condition imposed as part of the intervention plan for the offender, the supervising authority for the offender promptly shall advise the court of this failure, and the court shall hold a hearing to determine whether the offender failed to comply with any term or condition imposed as part of the plan. If the court determines that the offender has failed to comply with any of those terms and conditions, it shall enter a finding of guilty and shall impose an appropriate sanction under Chapter 2929. of the Revised Code. If the court sentences the offender to a prison term, the court, after consulting with the department of rehabilitation and correction regarding the availability of services, may order continued court-supervised activity and treatment of the offender during the prison term and, upon consideration of reports received from the department concerning the offender's progress in the program of activity and treatment, may consider judicial release under section 2929.20 of the Revised Code.

(G) As used in this section:

* * *

(2) "Community control sanction" has the same meaning as in section 2929.01 of the Revised Code.

***

(Emphasis added.)

{¶16} On March 10, 2009, the trial court entered a judgment of intervention in lieu of conviction, pursuant to R.C. 2951.041. The statute provides a trial court granting intervention in lieu shall place the offender under the general control and supervision of the county probation department, the adult parole authority, or other appropriate agency, "as if" the offender was subject to community control sanction. We find Appellant's intervention in lieu of conviction, while "as if" on community control, was not equivalent to community control imposed as part of a sentence following conviction. Appellant's subsequent sentence based upon his prior plea of no contest did not exceed the five year limit on community control. Therefore, we conclude Appellant was not subjected to community control sanctions for a period exceeding five years.

{¶17} Appellant's assignment of error is overruled.

{¶18} The judgment of the Richland County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J. and

Baldwin, J. concur